GLADNEY, Judge.
This suit was filed by Alford E. Acord solely against Indiana Lumbermens Mutual Insurance Company, the liability insurer of an automobile driven by Mrs. Dorothy H. Bryant and involved in a collision on March 14, 1959, with a truck owned and operated by Acord. Following a trial on the merits the district court concluded Acord was guilty of contributory negligence and rejected his demands, hence this appeal.
In the early afternoon of the day above mentioned, plaintiff drove onto the grounds of the Sears, Roebuck and Company shopping center adjacent to Louisville Avenue, Monroe, Louisiana, entering near its southeast corner. He proceeded in a northerly direction along one of the arteries of travel provided for patrons of the Center. The eastern side of the premises of the Center is set aside as a parking area and separated into lanes with marked parking spaces. There are seven of these lanes entered by motor vehicles moving in an east or west direction. As Acord reached the third of such lanes (counting southward from the northernmost lane) he turned west, negotiated the full length of the lane and entered a traffic artery that traverses in a north and south direction the entire premises between Hudson Lane and Louisville Avenue. As he was moving into this intersection he collided with the car driven by Mrs. Dorothy H. Bryant. Mrs. Bryant had been traveling westerly on a traffic artery located on the parking center north of the scene of the accident and turned at right angles to enter the north-south artery on which the collision occurred. She had proceeded south a distance of about 50 feet prior to the impact. Appellant, unaccompanied, was driving a truck with its seat so elevated its driver was enabled to see above the parked vehicles.
The only eyewitnesses of the impact were the drivers of the motor vehicles involved. Acord testified that as he neared the intersecting travel artery he looked to his left its full length, a distance of some 50 feet, and saw no other approaching motor vehicles and first observed the Bryant automobile when it was 5 feet away. The testimony of Mrs. Bryant was that when the accident occurred she was traveling at a speed of about 10 miles per hour, and Acord stated he was barely moving. At the time weather conditions were normal and no other moving vehicles were in the immediate area.
Acord seeks to impose liability for negligence upon defendant’s insured by charging she was proceeding at an excessive rate of speed and in that she failed to keep her vehicle under control; and further, it is averred plaintiff had preempted the intersection and enjoyed a statutory right-of-way by reason of the provisions of LSA-R.S. 32:237, subd. A. Defendant disclaims any negligence on the part of its insured, and specially pleads the contributory negligence of Acord in several particulars, including failure to maintain a proper lookout.
It is our appreciation of the record that both vehicles were proceeding at a proper *285 rate of speed and not in excess of that required for due care and observation under the prevailing conditions. The principal issue presented is whether Mrs. Bryant was guilty of any negligence constituting a proximate cause of the collision, and if adjudged negligent then the question arises as to whether plaintiff was negligent in failing to make proper observation of approaching traffic.
The record, we find, does not disclose actionable negligence by Mrs. Bryant. It does, in our opinion, establish that the sole cause of the collision was the failure of Acord to see the approach of the Bryant automobile. This he easily could and should have been able to do from his elevated position in driving the truck. The judge a quo noted in his reasons for judgment:
'*The only explanation the court can see is that he (Acord) was not looking to the north when he drove into the path of this car headed south and there is no question that he drove right out in front of this car. He is charged with seeing that which he should have seen if he had looked. Clearly there was nothing to keep him from seeing this car had he been looking when he drove out there. There is no question but that he drove out in front of her. The Court finds that he is guilty of contributory negligence to say the least.”
Counsel for appellant contends that by virtue of the provisions of LSA-R.S. 32:-237, subd. A, Acord enjoyed the right-of-way at the intersection of the two passageways. We do not agree. However, we refrain from commenting upon the merit of this argument as it is clearly shown Acord was guilty of contributory negligence proximately causing the accident, and, therefore, barring his right to recovery.
Finding no manifest error in the judgment from which appealed, it is accordingly affirmed at appellant’s cost.